**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAY 11 2009 ★

~~BROOKLYN OFFICE~~

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
UNITED STATES OF AMERICA,

                                        09 CR 135 (SJ)

       v.

                                        MEMORANDUM
                                        AND ORDER

JAMES CADICAMO,

       Defendant.

----------------------------------------------------X

APPEARANCES:

UNITED STATES ATTORNEY
Benton J. Campbell
271 Cadman Plaza East
Brooklyn, NY 11201
By:   Evan Norris
       Jacquelyn Rasulo
       Greg Andres
       John Buretta
Attorneys for the Government

HOCHHEISER & HOCHHEISER, LLP
270 Madison Avenue, Suite 1203
New York, NY 10016-2202
By:   Lawrence Hochheiser
Attorney for Defendant

JOHNSON, Senior District Judge:

1

On July 31, 2008, Defendant James Cadicamo ("Defendant" "Cadicamo") was indicted by a grand jury in the Middle District of Florida (Tampa), along with four co-defendants. Cadicamo was subsequently arrested on August 5, 2008. On March 3, 2009, District Judge Merryday granted the defendants' motion to transfer the case, pursuant to Rule 21(b) of the Federal Rules of Criminal Procedure, to the Eastern District of New York. The case is now before this Court.

In the superseding indictment filed on January 29, 2009 ("Superseding Indictment"), Defendant is charged with conspiring to violate the RICO statute through his association with the Gambino crime family, in violation of 18 U.S.C. § 1962(d) (Count One); tampering with a witness, in violation of 18 U.S.C. § 1512(k) (Count Three); and conspiring to retaliate against a witness, in violation of 18 U.S.C. § 1513(f) (Count Four).

On February 12, 2009, Cadicamo filed a motion to dismiss Count One of the Superseding Indictment (the RICO conspiracy), which remains pending following the transfer to this district (the "Motion"). The U.S. Attorney's Office in Tampa opposed the Motion on February 27, 2009. This Court granted the U.S. Attorney's Office in Brooklyn permission to file a supplemental brief on this issue, which was done on April 20, 2009. Defendant was granted permission to reply to this additional briefing, but has not done so.

The Motion argues for dismissal of Count One on the grounds that it violates the statute of limitations because the conspiracy charged ended in 2002.

P-049

(Motion, ¶ 14.) The statute of limitations for RICO conspiracy is five years. 18 U.S.C. § 3282(a). For a RICO conspiracy, the statute of limitations begins to run when the objectives of the conspiracy are either accomplished or abandoned, or when the defendant can show that he withdrew from the conspiracy. See United States v. Persico, 832 F.2d 705, 713-14 (2d Cir. 1987); see also United States v. Salerno, 868 F.2d 524, 534 n.4 (2d Cir. 1989).

The Superseding Indictment charges that the conspiracy existed "[f]rom or about 1983, and continuing thereafter up to and including the date of this Superseding Indictment [January 20, 2009]." (Superseding Indictment, ¶ 20.) Nevertheless, Defendant argues that the conspiracy actually ended in 2002, because the defendants in a separate case involving the Gambino crime family were involved in the same conspiracy and signed plea agreements stating that the conspiracy "continued at least through 2002." (Motion, ¶¶ 5-7.) In addition, Defendant argues that the predicate acts charged in Defendant's bill of particulars (three of which occurred between 2003 and 2008) are not supported by the evidence. (Motion, ¶¶ 11-13.)

The Superseding Indictment complies with the requirements of Rule 7(c)(1) of the Federal Rules of Criminal Procedure and properly charges that Defendant committed the offense within the five year statute of limitations. In essence, therefore, the Motion argues that the Government will not be able to prove at trial that the conspiracy charged in Count One continued beyond 2002. This amounts to

P-049

an attack on the adequacy of the evidence found by the grand jury to support Cadicamo's indictment, rather than an attack on the legal sufficiency of the Superseding Indictment itself. See United States v. Fruchter, 104 F. Supp. 2d 289, 298 (S.D.N.Y. 2000); United States v. Elson, 968 F. Supp. 900, 905 (S.D.N.Y. 1997). Even if the evidence cited by Defendant supported this argument, which it does not, the Motion would nevertheless be premature at this stage in the litigation, because "[a]ny challenge to the sufficiency of the evidence should be made pursuant to Rule 29 of the Federal Rules of Criminal Procedure" after the Government has had the opportunity to present its case-in-chief. Fruchter, 104 F. Supp. 2d at 298. Naturally, "[i]f the Government fails to prove that the acts occurred within the applicable limitations period at the trial, the Defendant may renew the motion to dismiss." United States v. Carnesi, 461 F. Supp. 2d 97, 99 (E.D.N.Y. 2006).

For the foregoing reasons, the Motion is DENIED without prejudice, with leave to renew at trial after the close of the Government's direct case, if the circumstances so warrant.

SO ORDERED.

DATED:
    May 11, 2009
    Brooklyn, New York

/s/(SJ)
_____
Sterling Johnson, Jr., U.S.D.J.

P-049