# Gang Land News

Real Stuff about Organized Crime
http://www.ganglandnews.com
capeci@ganglandnews.com

JERRY CAPECI
webmaster

> *The government shall provide to Mr. Capeci (1) a copy of the 2010 plea agreement between it and James Cadicamo; and (2) a copy of the 2012 agreement between it and Angelo Ruggiero, in reference to the within action.*
>
> **SO ORDERED**
> on this 2nd day of July, 2012
> /s/(SJ)
> STERLING JOHNSON, JR., SENIOR U.S.D.J.

June 26, 2012

Honorable Sterling Johnson
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:** *United States v. John A. Burke, et al.,* 09-CR-135 (SJ)

Dear Judge Johnson:

I am a reporter/columnist who has written numerous articles about the indictment in the referenced matter since it was filed in 2009.

As an interested party, I petition you to treat this letter as a *pro se* motion to order the government to furnish me copies of the plea agreements between the government and defendants Angelo Ruggiero and James Cadicamo. Both defendants have resolved the charges against them by pleading guilty to various charges in the case.

Upon information and belief, the plea agreements between the government and both defendants were marked as court exhibits during the proceedings at which they pleaded guilty.

In numerous cases, the Second Circuit has recognized a motion to intervene as the procedurally proper device for purposes of protecting the public's right of access in a criminal proceeding. *See e.g., United States v. King,* 140 F.3d 76, 77 (2d Cir. 1998); *United States v. Haller,* 837 F.2d 84, 85 (2d Cir. 1988); *In Re: The Herald Company,* 734 F.2d 93, 96 (2d Cir. 1984). Accordingly, I ask that you allow me to intervene for the limited purpose of asserting the public's right of access to the plea agreements between the government and each defendant cited above, and that you treat this letter as a *pro se* motion. I have contemporaneously delivered (via fax or email) a copy of this letter to the government and attorneys for the two defendants.

1

D+F

# *Gang Land News*
**Real Stuff about Organized Crime**
http:/www.ganglandnews.com
capeci@ganglandnews.com

**JERRY CAPECI**
webmaster

It is well established in this district, and in federal courts around the country, that except for extraordinary reasons, namely those that involve national security or the safety of witnesses or other individuals, the public and the press have a common law right as well as a First Amendment right to all judicial documents, including exhibits, in all criminal cases.

The plea agreement is an important judicial document. In this case, it memorializes the agreement by which the government and the defendants, a reputed member and an associate of the Gambino crime family, agreed to resolve the charges in their indictment, instead of at a public trial.

I have been unable to obtain copies of any of the plea agreements, which although they are official court exhibits, are maintained by the office of U.S. Attorney Loretta Lynch.

Over the past several months, Robert Nardoza, the official spokesperson for the U.S. Attorney's office, has declined to provide copies of plea agreements that his office has reached with defendants unless I file a motion with the judge assigned to the case. According to Nardoza, the official policy of the office requires members of the media to file an official request for the plea agreements with the Court, even though in two recent cases in this district, Assistant United States Attorneys have stated in public filings that the public and press have a common law as well as a First Amendment right to plea agreements since they are public records.

The two cases are *United States v. Graziano et al.*, (Docket #12-CR-50), and *United States v. Guerra et al.*, (Docket #10-CR-147). I have attached the letters the government filed in response to the *pro se* letter motions that I submitted in those cases to Chief Judge Carol Bagley Amon and the Honorable Sandra Townes.

The Office policy regarding plea agreement applies even in cases in which the government has conceded that the agreements are official court documents that the public and press have a right to examine. That policy was reiterated earlier this month, when I requested the plea agreements of two additional defendants in the *Guerra* case who pleaded guilty Friday, June 8.

Even though the government had submitted a response to my initial *pro se* motion in the *Guerra* case agreeing that the plea agreements are public records, Nardoza informed me that the "official policy" required that I file another official request for the additional plea agreements to Judge Townes. I have attached a copy of that letter motion, which has not yet been docketed.

# Gang Land News
Real Stuff about Organized Crime
http:/www.ganglandnews.com
capeci@ganglandnews.com

**JERRY CAPECI**
webmaster

For all the reasons cited above, I ask most respectfully that your Honor order the government to make the plea agreements between the U.S. Attorney's office and the defendants who have pleaded guilty in this case available to the press and the public.

In addition, I ask that your Honor order the U.S. Attorney's office to make all plea agreements that the government reaches with defendants in all criminal cases to which you are assigned available to the press immediately after it receives a request for one, unless the government establishes that one of the limited exceptions to the public's right to such documents exists. This practice would eliminate the need for me – and other news reporters – to waste the time of the Court, prosecutors, and defense lawyers in dealing with what should be a routine matter.

Thank you.

Respectfully,

Jerry Capeci

cc: Robert Nardoza; AUSAs Jacquelyn Kasulis, Whitman Knapp, Evan Norris

Lawyers Charles Carnesi, Seth Ginsberg, Lawrence Hochheiser

3

P.O. Box 863 • Long Beach, New York 11561 • (516) 431-1277